# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JON D. SON, Personally and as       )
Executor of the Estate of JUNE      )
KING SON, Deceased,                 )
                                    )
                Plaintiff,          )
                                    )
v.                                  )       No. CIV-06-359-FHS
                                    )
DR. LEE TAYLOR, Personally and as   )
employee of MUSKOGEE REGIONAL       )
MEDICAL CENTER, and GREG STIDHAM    )
LAW OFFICE,                         )
                                    )
                Defendants.         )

## ORDER

Plaintiff John D. Son has filed this pro se action against Dr.
Lee Taylor ("Taylor"), personally and as an employee of the
Muskogee Regional Medical Center ("MRMC"), and Greg Stidham
("Stidham"), doing business as the Greg Stidham Law Office.
Plaintiff contends Taylor contributed to the death of his mother,
June King Son, "by denying him power of attorney granted to
Plaintiff by [Stidham]." Plaintiff claims "Taylor violated the
civil rights of [Plaintiff] and June King Son to enter into proper
Power of Attorney." With respect to Stidham, Plaintiff contends
Stidham committed malpractice in connection with the disputed power
of attorney. Taylor, MRMC, and Stidham have moved the Court to
dismiss Plaintiff's complaint for failure to state a claim upon
which relief can be granted and/or for lack of subject matter
jurisdiction. Plaintiff has not responded to the motions to
dismiss.[1] Having fully reviewed the record before it, the Court

---

[1] Plaintiff's response to the September 26, 2006, motion to
dismiss filed by Taylor and MRMC was due on October 11, 2006.
LCvR 7.1(f)(15-day response time from date motion was filed).
Plaintiff's response to the October 10, 2006, motion to dismiss

concludes dismissal is appropriate on both grounds asserted by Defendants.

Liberally construed, Plaintiff's claim against Taylor for the death of June King Son is a civil rights violation under 42 U.S.C. § 1983. Section 1983 litigation provides aggrieved persons with a forum to recover damages for "alleged violations of federal law committed by individuals acting 'under color of state law.'" Jojola v. Chavez, 55 F.3d 488, 492 (10th Cir. 1995). No federal right, however, is implicated by the allegations in Plaintiff's complaint. Plaintiff has failed to allege, much less establish, how a denial of, or interference with, one's ability to execute and enforce a power of attorney implicates any federally secured right. At most, Plaintiff is contending Taylor, as an MRMC employee, denied him the powers granted to him under a power of attorney executed pursuant to Oklahoma law. No federal statutory or constitutional right is implicated by these allegations. In sum, Plaintiff's complaint fails to state a claim for a civil rights violation pursuant to 42 U.S.C. § 1983 because it has not been alleged that there was denial of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Gomez v. Toledo, 446 U.S. 635 (1980).[2]

_____

filed by Stidham was due on October 25, 2006. Id.

[2] In their motion to dismiss, Taylor and MRMC also argue Plaintiff's complaint is deficient with respect to the "color of state law" requirement under section 1983. See Jojola, 55 F.3d at 492(jurisdictional prerequisite for section 1983 action is conduct committed by an individual acting "under color of state law"). Although the record has not been sufficiently developed as to this issue, it is at least arguable that the color of state law requirement exists with respect to Taylor and MRMC. See Beedle v. Wilson, 422 F.3d 1059, 1065 (10th Cir. 2005)(Oklahoma public trust hospitals are state actors for section 1983 purposes).

Plaintiff's complaint is also subject to dismissal for lack of subject matter jurisdiction. Again, a liberal construction of Plaintiff's complaint reveals that in addition to the federal civil rights claim against Taylor, Plaintiff is attempting to assert common law tort claims against Taylor, MRMC, and Stidham in connection with the disputed power of attorney. In order to sustain federal court jurisdiction, such claims must be supported by diversity of citizenship. 28 U.S.C. § 1332(a). Plaintiff's complaint is silent as to the citizenship of any of the parties. In his motion to dismiss, Stidham asserts that diversity of citizenship is lacking as he and Plaintiff are both Oklahoma citizens.[3] There being no evidence disputing the Oklahoma citizenship of Plaintiff and Stidham, diversity of citizenship has not been established and dismissal is therefore appropriate for lack of subject matter jurisdiction.

Based on the foregoing reasons the motions to dismiss filed by Taylor and MRMC (Docket No. 13) and by Stidham (Docket No. 18) are granted and this action is, in all respects, dismissed.

It is so ordered this 27th day of October, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

---

[3] Stidham also states that MRMC is an Oklahoma business. No mention is made of Taylor's citizenship.